UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:13-CV-01536

| | |
|---|---|
| Threasa Steiner,<br><br>   Plaintiff,<br>v.<br><br>Riverview Law Office, PLLC,<br>and Mike Doe,<br><br>   Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by Defendants and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Threasa Steiner (hereinafter "Plaintiff") is a natural person who resides in the City of Isanti, County of Isanti, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Riverview Law Office, PLLC (hereinafter "Riverview") is a collection law firm and domestic company with a registered office address of 225 North Benton Drive, Suite 209, Sauk Rapids, Minnesota 56379, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Mike Doe (hereinafter "Mike"), whose true name is not yet known, is a natural person who was employed at all times relevant herein by Defendant Riverview as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime before April 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a disputed and unpaid balance for services provided by Healtheast Clinics in the approximate amount of $811.00.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant Riverview for collection from Plaintiff.

9. On or around April 24, 2013, Defendant Riverview sent Plaintiff a collection letter, which demanded payment from Plaintiff in the amount of $811.00.

10. Notably, Defendant Riverview's April 24, 2013, collection letter stated, in relevant part, the following: "Dear Threasa Steiner: Riverview Law Office,

PLLC has been retained by our client to recover your delinquent account. You may wish to consult an attorney for advice on how to proceed."

11. Defendant Riverview's April 24, 2013, collection letter further stated, in relevant part, the following: "This letter has been issued by Riverview Law Office, PLLC without the personal review of an attorney with this firm."

### *June 4, 2013 – Illegal Collection Call*

12. On or around June 4, 2013, Plaintiff called Defendant Riverview and spoke with a collection agent named Mike who demanded payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. During this June 4, 2013, collection call, Plaintiff explained to Defendant Mike that she received a collection letter from Defendant Riverview, which advised her to consult an attorney.

14. Plaintiff then asked Defendant Mike if she was being sued for this debt.

15. Defendant Mike responded that she was being sued, or words to that effect.

16. Plaintiff was taken back by Defendant Mike's response because she did not know that she had been sued for this debt.

17. Plaintiff then asked Defendant Mike when the court date would be.

18. Defendant Mike responded that there was no court date yet and that it would be awhile, or words to that effect.

19. Plaintiff then asked Defendant Mike if she should hire an attorney.

20. Defendant Mike responded that Healtheast hired an attorney to collect this debt, but that Plaintiff did not need to do that because she would have to pay this debt and also have to pay for an attorney, or words to that effect.

21. The call ended shortly thereafter.

22. To date, Plaintiff has not been sued for this debt, so when Defendant Mike told her that she had been sued, Plaintiff was confused, frustrated and scared.

23. Defendant Riverview's collection agent, Defendant Mike, misled Plaintiff in violation of the FDCPA by falsely, deceptively and unfairly telling her that a lawsuit had been initiated against her, when in fact Plaintiff had not been sued.

24. This false, deceptive and unfair representation made to Plaintiff by Defendant Mike, was a material representation that affected and frustrated Plaintiff's ability to respond to Defendant Mike because she now thought she was being sued for this debt.

25. Moreover, Defendant Mike's advice to Plaintiff not to hire an attorney was a deceptive and unfair material representation that frustrated her ability to choose whether or not she wanted to hire an attorney with respect to this debt.

26. In making the above-described representations to Plaintiff, Defendant Mike also mischaracterized the legal status of the debt as well as the services rendered by Defendant Riverview in violation of the FDCPA.

27. This June 4, 2013, collection communication from Defendant Mike was a false, deceptive, misleading, oppressive and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692e(13), and 1692f, amongst others.

### *Summary*

28. Overall, Defendants' above-described collection communications to Plaintiff falsely represented that she had been sued, unfairly advised her that she did not need an attorney with respect to this debt, and deceptively misrepresented the legal status of the debt, all done in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

29. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of anxiety, emotional distress, fear, upset, and confusion, amongst other negative emotions.

### *Respondeat Superior Liability*

30. The acts and omissions herein of the individuals employed to collect debts by Defendant Riverview, and the other debt collectors employed as agents of Defendant Riverview who communicated with Plaintiff as more further

described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Riverview.

31. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Riverview in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, the Defendant Riverview.

33. Defendant Riverview is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 *et seq*.**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

37. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 *et seq*.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 21, 2013

**BARRY, SLADE, WHEATON & HELWIG, LLC**

By: **s/ Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF HENNEPIN            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Threasa Steiner, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____6____ , ____21____ , ____13____
             Month         Day         Year

_Threasa Steiner_
Signature